UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


A. JOSEPH RAETANO,

      Plaintiff,

vs.                                            Case No.: 8:08-cv-200-T-17-EAJ

JAMES E. BURZYNSKI and CHARMAINE
A. BURZYNSKI,

      Defendants.
_____/


## ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND EXPERT'S FEES, LITIGATION EXPENSES AND COSTS

THIS CAUSE is before the Court on Plaintiff, JOSEPH RAETANO'S, Application for Attorney's Fees and Expert's Fees and Litigation Expenses and Costs (Dkt. 24) and Defendants, JAMES and CHARMAINE BURZYNSKI'S Opposition to Plaintiff's Fee Petition (Dkt. 27).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Joseph Raetano filed a complaint pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.*, in this Court on January 29, 2008, against James and Charmaine Burzynksi (Dkt. 1). Plaintiff sought injunctive relief, attorney's fees, expert's fees, and litigation expenses and costs. *Id.* On October 3, 2008 the parties entered into a settlement agreement, which led to the parties' stipulation to the voluntary dismissal of the case with prejudice. (Dkt. 14). This case was dismissed with prejudice based on this stipulation on

October 6, 2008. (Dkt. 15). Plaintiff then filed an Application for Fees and Litigation Expenses and Costs and the Defendants responded with an opposition to Plaintiff's Petition for Fees. (Dkt. 24, 27).

## **STANDARD OF REVIEW**

Pursuant to the ADA, 42 U.S.C. § 12205, "the [C]ourt . . . may allow the prevailing party a reasonable attorney's fee, including litigation expenses[] and costs." A party is considered to prevail "where [an] individual entered into [a] legally enforceable settlement agreement against defendant[,] which forced defendant to do something he otherwise would not have had to do." *Barrios v Cal. Interscholastic Fed'n*, 277 F3d 1128 (9th Cir. App. 2002). The Eleventh Circuit has ruled that the district court's expressed approval of the terms of the settlement and the court's retention of jurisdiction to enforce the settlement agreement were functional equivalents of a consent decree; thus, constituting judicially sanctioned change in the legal relationship of the parties, which is an essential requirement for the court's finding that the plaintiff was a prevailing party for purposes of awarding attorney fees and costs. *Am. Disability Ass'n v Chmielarz*, 289 F. 3d 1315 (11th Cir. App. 2002).

In order to determine an award of attorney's fees, the Court should multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). To calculate a reasonable hourly rate the Court uses the prevailing market value "in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F. 3d 423 (11th Cir. App. 1999). The Court may also consider other factors including the following: time and labor required; novelty and difficulty of the issues involved; skill requisite to perform the services

properly; likelihood that the matter will preclude other employment by the lawyer; fee customarily charged for similar legal services in the area; amount involved and result obtained; time limitations client or circumstances place on lawyer; nature and length of the professional relationship with the client; experience, reputation, and ability of the lawyer performing the services; the type of fee, fixed or contingent; and the benefit to non-parties.

## DISCUSSION

Taking as given the fact that the parties entered into a settlement agreement, which was accepted by the Court, the Plaintiff is a prevailing party in accordance with the relevant case law. *Am. Disability Ass'n v. Chmielarz*, 289 F. 3d at 1315. Because the Plaintiff is a prevailing party pursuant to the ADA, he is entitled to an award of his attorney's fees and costs. 42 U.S.C. § 12205. In order to determine the amount of fees that Plaintiff is entitled to, the Court must consider several factors. The Plaintiff asserts that an hourly fee of $325.00 is reasonable because it is within the range of rates charged by other attorneys in cases similar to this one. (Dkt. 24).

Plaintiff cites several cases demonstrating the range of awards given by courts within the Eleventh Circuit. However, Plaintiff makes no assertions that this particular case presented circumstances above and beyond the typical Title III ADA case. Plaintiff's counsel also cites to several awards granted by this Circuit in the amount of $300 per hour. Plaintiff's counsel cites his experience in similar cases as a justification for an increased hourly rate than what he typically charges for these types of cases. This experience, if at all relevant, makes it less reasonable that Plaintiff's counsel should receive an increased hourly rate. Plaintiff's counsel, himself, indicates that he has developed forms and procedures aimed at reducing the number of hours he spends on each individual case. (Dkt. 24). While this increased efficiency should not

undermine the novel and difficult issues these cases present, Plaintiff's counsel fails to indicate why this particular case requires an increased hourly rate. It is also apparent from the parties' filings that Plaintiff's counsel billed for a reasonable number of hours. Defense counsel even asserts that Plaintiff's counsel "exercised far more billing judgment than his prior similar submissions." (Dkt. 27).

However, the Defendants assert in their opposition that nothing is new and inspiring in the documents to this case and that nothing is difficult about prosecuting or defending this case. (Dkt. 27). Defense counsel also asserts that he is only charging his clients an hourly rate of $250.00. *Id*. Defendants make no claim that Plaintiff's counsel abused the process or that Plaintiff's counsel is entitled to no fees. Therefore, with regards to awarding Plaintiff attorney's fees, a reasonable hourly rate for this case is $300.00 per hour, pursuant to the relevant case law. Thus, Plaintiff is entitled to an award in the amount of $3,390.00 for his attorney's fees.

With regards to Plaintiff's expert's fees, the ADA is silent on whether they can and should be awarded. 42 U.S.C. § 12205. The ADA mentions only attorney's fees, including litigation expenses and costs. *Id.* The statute does not mention what is included within litigation expenses and costs. *Id.* Since the statute is silent on this issue, the prevailing party may rely on Fed. R. Civ. P. 54(d)(1) and recover costs that are generally allowed to prevailing parties pursuant to 28 U.S.C. § 1920. Costs, other than those that are recoverable under Fed. R. Civ. P. 54(d), must be examined under standards that are set forth for attorney fees under fee-shifting statutes. *Tuggles v Leroy-Somer, Inc.*, 328 F Supp 2d 840 (W.D. Tenn 2004). An expert's fee falls within the scope of litigation expenses and costs. Plaintiff hired the expert in this case, Mr. Ricci, to evaluate and inspect the Defendants facility. It must also be determined that the hourly rate and number of hours that the expert billed was reasonable. Plaintiff asserts that the expert

was instrumental in the outcome of the case and that the rate Mr, Ricci charged was more than reasonable. Plaintiff asserts that this rate is within the range of rates charged by other Title III ADA experts in the community and has been awarded by other courts in this Circuit. Plaintiff cites to two defense experts who charge, and have been awarded, rates in excess of the hourly rate of $185.00 that Plaintiff's expert seeks.

Defendants assert in their opposition that all the claimed work by Mr. Ricci was unnecessary, duplicitous, and performed only for Mr. Ricci's personal profit adding nothing to the resolution of this case. (Dkt. 27). However, it is unreasonable for Defendants to assert that Plaintiff agreed to rely on Mr. Humburg's inspection because the only indication of that is in the Defendants' own Answer to the Complaint. (Dkt. 7, ¶ 16). At this point, there is insufficient evidence to indicate that the parties had an agreement to rely solely on Mr. Humburg's inspection. Therefore, it was reasonable for Plaintiff to obtain his own expert to inspect the Defendants' property. Mr. Ricci's fee is reasonable in accordance with previous awards granted for the same amount sought in this particular case and with regards to other ADA experts in the community. This Court will award the Plaintiff his expert's fee in the amount of $2,035.00. If the Defendant can come forth with evidence of such an agreement between the parties to use Mr. Humburg's inspection, the fee will be withdrawn from this award.

Finally, with regards to Plaintiff's application for other litigation expenses and costs incurred, Plaintiff submits to this Court that these costs and expenses are included under the broad definition of the ADA. 42 U.S.C. § 12205; *See Dowdell v. City of Apopka,* 698 F. 2d 1181, 1190–1192 (11th Cir. App. 1983). The Eleventh Circuit stated that plaintiffs are entitled to all reasonable costs incurred in case preparation when they are reasonably incurred. *Id.* The costs Plaintiff seeks are filing fees, process server fees, copying costs, and postage. (Dkt. 24). These

litigation costs and expenses are recoverable pursuant to Fed. R. Civ. P 54(d)(1), 28 U.S.C. § 1920(1), (4), and the relevant case law. *See Barnes,* 168 F. 3d at 438; *Tang How v. Edward J. Gerrits, Inc.,* 961 F. 2d 174 (11th Cir. App. 1992); *McGuigan v. Cae Link Corp.,* 155 F.R.D. 31, 35 (N.D.N.Y. 1994). Therefore, Plaintiff will be awarded additional fees and costs in the amount of $437.75. Accordingly, it is

**ORDERED** that Plaintiff's Application for Attorney's Fees and Expert's Fees and Litigation Expenses and Costs (Dkt. 24) is **GRANTED** as follows: Attorney's fees in the amount of $3,390.00; Expert witness' fees in the amount of $2,035.00; and additional fees and costs in the amount of $437.75.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 13th day of March, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.